**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION**

| | | |
|---|---|---|
| Germond Edward Johnson, Jr., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER ON MOTIONS** |
| vs. | ) | |
| | ) | Case No. 3:25-cv-145 |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 3:21-cr-96 |
| Germond Edward Johnson, Jr., | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Germond Edward Johnson, Jr. moves to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. 150. Johnson also moves for discovery. Doc. 156. The Court ordered the United States to file a limited response addressing the timeliness of the § 2255 motion. Doc. 154. The United States opposes the § 2255 motion as untimely and argues that the motion for discovery should be denied. Doc. 157. Johnson filed two supplements and a reply. Docs. 151; 158; 161. For the reasons below, Johnson's motions are denied.

## I.    BACKGROUND

In August 2021, a grand jury indicted Johnson with one count of Hobbs Act robbery and one count of conspiracy to commit Hobbs Act robbery, both in violation of 18 U.S.C. § 1951. Doc. 25. Ron Hettich was initially appointed to represent Johnson. Doc. 28. In October 2021, Tatum O'Brien was appointed to represent Johnson. Doc. 58.

Johnson pleaded guilty pursuant to a plea agreement with the United States. Docs. 81, 94. The Court ultimately imposed a sentence of 142 months of imprisonment. Doc. 122. O'Brien filed a Notice of Appeal on July 25, 2022. Doc. 129. William DeKrey represented Johnson in the appeal. The Eighth Circuit Court of Appeals affirmed the district court's judgment on June 9, 2023. United States v. Johnson, No. 22-2586, 2023 WL 3914015, at * 1 (8th Cir. June 9, 2023).

On June 12, 2025, Johnson filed a motion under 28 U.S.C. § 2255 alleging prosecutorial misconduct, newly discovered evidence and actual innocence, and that Hettich and O'Brien were ineffective. Doc. 150. On July 22, 2025, the Court ordered the United States to file a limited response addressing the timeliness of Johnson's § 2255 motion. Doc. 154. Johnson also filed a motion for discovery. Doc. 156. The United States opposes the § 2255 motion as untimely and argues the motion for discovery should be denied. Doc. 157. Johnson filed two supplements and a reply. Docs. 151; 158; 161.

## II.    DISCUSSION

In his § 2255 motion, Johnson alleges prosecutorial misconduct, newly discovered evidence and actual innocence, and that Hettich and O'Brien were ineffective. Doc. 150. The discovery motion seeks production of material relevant to Johnson's ineffective assistance of counsel claims. Doc. 156. The Court addresses each motion in turn.

### A.    Motion to Vacate, Set Aside, or Correct Sentence

A motion under 28 U.S.C. § 2255 affords relief "in several circumstances, including cases shown to contain jurisdictional errors, constitutional errors, and errors of law." Raymond v. United States, 933 F.3d 988, 991 (8th Cir. 2019) (citing 28 U.S.C. § 2255(b)). "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Fletcher v. United States, 858 F.3d 501, 505 (8th Cir. 2017) (quoting Jennings v. United States, 696 F.3d 759, 762

(8th Cir. 2012)). An evidentiary hearing is required unless the allegations in the motion are inherently incredible, contradicted by the record, merely conclusory, or would not entitle the petitioner to relief even if true. Roundtree v. United States, 751 F.3d 923, 926-27 (8th Cir. 2014). The movant bears the burden to demonstrate an entitlement to relief. Golinveaux v. United States, 915 F.3d 564, 567 (8th Cir. 2019).

At the outset, the United States contends that dismissal without an evidentiary hearing is warranted because Johnson's § 2255 petition is untimely. Doc. 157. Johnson concedes that the motion is untimely. Doc. 150 at 8-10. He raises the doctrine of equitable tolling and actual innocence in attempt to extend the limitation period. Id.

A petitioner ordinarily must bring a § 2255 motion within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). An appealed conviction becomes final 90 days after the Eighth Circuit issues its judgment. Kemp v. United States, 596 U.S. 528, 531 (2022) ("For someone who . . . does not petition this Court for certiorari, a judgment becomes final when the time to seek certiorari expires—ordinarily, 90 days after judgment."); United States v. Hernandez, 436 F.3d 851, 856 (8th Cir. 2006) (A criminal defendant's conviction did not become final until 90 days after the Eighth Circuit issued its ruling on direct appeal). The Eighth Circuit issued its judgment on June 9, 2023. Johnson, 2023 WL 3914015, at * 1. Thus, Johnson's convictions became final 90 days later on September 7, 2023. His § 2255 motion arrived more than one year and nine months later on June 12, 2025. Doc. 150. The motion is therefore untimely under § 2255(f)(1).

### 1. Equitable Tolling

Attempting to stave off dismissal, Johnson invokes equitable tolling, which permits a district court to retroactively toll the statute of limitations. See United States v. Martin, 408 F.3d

1089, 1092 (8th Cir. 2005). "Equitable tolling is an 'exceedingly narrow window of relief.'" Maghee v. Ault, 410 F.3d 473, 476 (8th Cir. 2005) (quoting Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001)). A petitioner relying on equitable tolling must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented him from timely filing." Keller v. Pringle, 867 F.3d 1072, 1075-76 (8th Cir. 2017) (citing Holland v. Florida, 560 U.S. 631, 649 (2010)).

Johnson raises several arguments in support of equitable tolling: (1) the United States suppressed exculpatory and material evidence, (2) investigators misidentified Johnson and altered reports, (3) defense counsel failed to "challenge or raise key objections supported by the factual record", (4) lack of access "to legal discovery materials due to multiple jail transfers and mismanagement of the discovery flash drive," (5) the Court's failure to notify Johnson's mother of her "court-recognized legal role" as power of attorney, and (6) attorney abandonment. Johnson's arguments for equitable tolling fail on both elements.

### a.      Withheld Exculpatory and Material Evidence

As to alleged withheld evidence, Johnson presents various arguments in support. First, Johnson alleges the United States indicted Johnson on "false and altered reports regarding phone possession." Doc. 150 at 18. He claims, "Judge Peter Welte stated that Germond failed to take accountability, referencing a false claim that [E.G.]'s phone was found in Germond's pocket evidence of the confusion cause by altered police reports and misleading prosecution statements." Doc. 150 at 7. The United States argues that the discovery materials indicated E.G.'s phone was found on Johnson's person shortly after the robbery, and that those materials were provided to Johnson prior to him pleading guilty. Doc. 157 at 6. Johnson's argument does not warrant equitable tolling. His own assertions make clear that he was aware of this argument long before the deadline

4

for his § 2255 motion and thus fails to show diligence. To that end, he makes no attempt to show that some extraordinary circumstance stood in his way and prevented him from timely filing.

Second, Johnson claims the United States "misled the sentencing court with unsubstantiated gang membership claims." Doc. 150 at 18. Johnson claims "[a]t sentencing, Assistant United States Attorney Richard Lee cited a 'preponderance of the evidence' to label Johnson an OCF gang member." Doc. 150 at 14. To the contrary, the United States did the exact opposite. At sentencing, defense counsel objected to the PSIR's mention of OCF gang membership. Doc. 134 at 15. In response to the objection, Richard Lee stated:

> I don't think the fact whether or not he's in a gang is relevant to this conduct. I don't have any evidence to indicate that his conduct was in any way associated with the OCF gang.
>
> In regards to being able to prove it up, I don't have evidence . . . where the United States would be able to show by a preponderance of the evidence that the defendant is in fact a member of the OCF gang and, therefore, the United States does ask that the Court strike that from the PSIR.

Doc. 134, pp. 15-16. The Court sustained the defense's objection and struck the gang membership information from the PSIR. Id. at 16. This argument does not warrant equitable tolling.

Third, Johnson argues the United States failed to disclose "phone data, which could corroborate [Johnson's] defense; and [d]id not preserve or disclose audio of [Johnson's] interview containing false accusations." Doc. 150 at 18. The United States claims both were disclosed to O'Brien in 2021 and later to William DeKrey in 2022. Doc. 157 at 8. The United States filed an exhibit showing the interview and phone data were provided to O'Brien on November 2, 2021. Doc. 157-1. This argument fails to satisfy either element for equitable tolling.

Fourth, Johnson alleges the United States suppressed an exculpatory report by Detective Birney. Doc. 150 at 18. Johnson claims the report indicated his conduct was not related to the OCF gang. Doc. 150 at 14. The United States responds that the entire discovery file was produced to

defense counsel and that no evidence was suppressed. Doc. 157 at 6. Detective Birney's report is not identifiable in the exhibit showing the discovery disclosures made to O'Brien. Doc. 157-1. Thus, it is unclear from the record whether this report was provided to Johnson. But even if this argument supported equitable tolling, Johnson fails to show prejudice on the underlying merits of his claim. As reiterated above, the Court did not consider OCF gang information at Johnson's sentencing. This argument does not warrant relief.

In sum, Johnson's arguments lack merit. They do not show that he pursued his rights diligently and that "some extraordinary circumstance stood in his way and prevented him from timely filing." Keller, 867 F.3d at 1075-76.

#### b.       Misidentification and Altered Police Reports

Johnson argues that investigators "misidentified" him as another individual, Jahmond Walker. Doc. 150 at 4. Johnson argues the alleged misidentification "helped construct a false narrative" linking him to the OCF gang and a different shooting incident that took place on March 21, 2021. Id. The United States responds that Johnson's argument is contradicted by the record and that he fails to show diligence. Doc. 157 at 8. At Johnson's change of plea hearing, the United States offered the following factual basis:

> On or about March 22, 2021, in the District of North Dakota and elsewhere, Germond Edward Johnson, Jr. did unlawfully obstruct, delay and affect and attempt to obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951 in the movement of articles and commodities in such commerce by robbery as that term is defined in Title 18, United States Code, Section 1951, in that the defendant did unlawfully take and obtain personal property consisting of marijuana from known and unknown persons against their will by means of actual and threatened force, violence and fear of injury, immediate and future to their person.

> On or about March 22, 2021, in the District of North Dakota and elsewhere, Germond Edward Johnson, Jr. did knowingly and willfully conspire and agree together and with . . . CJ Carruthers to obstruct, delay and affect and attempt to obstruct, delay and affect commerce, as that term is defined in Title 18, United

States Code, Section 1951, and the movement of articles and commodities in such commerce by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that the defendant did unlawfully take and obtain personal property consisting of marijuana from known and unknown persons against their will by means of actual and threatened force, violence and fear of injury in the immediate and future to their person. This conduct affected interstate commerce by one the defendants knowingly – or knowing the victim was involved in selling marijuana robbed . . . The defendants, knowing the victim was involved in selling marijuana, robbed or attempted to rob the victim of drug proceeds and drugs and, two, the defendants used the internet, a channel of interstate commerce, specifically Snapchat, to set up the robbery.

Specifically, on March 22, 2021, in the District of North Dakota, Germond Edward Johnson, Jr. and CJ Carruthers contacted E.A.G., then a juvenile, under the guise that they would participate in a drug transaction. Germond Edward Johnson and CJ Carruthers robbed E.A.G. and stole marijuana. During the robbery CJ Carruthers discharged his firearm in the direction of E.A.G. The bullet struck E.A.G.'s vehicle but did not hit E.A.G. E.A.G. then shot his own firearm towards Germond Edward Johnson and CJ Carruthers. One of E.A.G.'s bullets hit another minor child who was not involved in the drug transaction or robbery in the head causing injury.

Doc. 133 at 19-21. The factual basis does not involve the conduct of Jahmond Walker or any events taking place on March 21, 2021. Further, Johnson fails to show diligence. He did not object to any portion of the factual basis at his change of plea hearing. Id. at 21. And Johnson's own arguments establish he was aware of the misidentification theory nearly two years before his § 2255 deadline. Docs. 157-2 (Johnson noting that in a 2021 interview, law enforcement misidentified Johnson as Jahmond Walker); 150 at 5 (Johnson noting how he told Hettich, who only represented Johnson in 2021, about the misidentification theory).

Johnson also argues that police reports were altered. For example, Johnson argues "[f]urther evidence of confusing by Detective Werner altered police reports and the misleading of AUSA Lee statement." Doc. 150 at 7. He claims investigators "engaged in evidence suppression and falsification of official documents . . . ." Id. He alleges "[s]ubsequent review of discovery materials by Petitioner's family . . . revealed inconsistencies, fabricated claims, and altered police

7

narratives, particularly relating to: The ownership of phones allegedly found on Germond Johnson at arrest; the false gang affiliation perpetuated by the prosecution; inconsistent and missing interviews, such as the interview with [E.G.] . . . .” Doc. 150 at 14. But Johnson fails to show either diligence or extraordinary circumstances. He has not met his burden to show that equitable tolling is warranted.

### c.      Failure of Defense Counsel to Raise Objections

Johnson argues that O'Brien failed to object to the narrative that Johnson was an OCF gang member. Doc. 150 at 13-14. As explained above, this argument is contradicted by the record. At sentencing, O'Brien objected to the PSIR's mention of OCF gang membership. Doc. 134 at 15. The Court sustained the objection and struck the gang reference from the PSIR. Id. at 16. Further, even if O'Brien had failed to object, Johnson fails to show how his actions amount to diligent pursuit of his rights and that some extraordinary circumstance prevented him from timely filing. Keller, 867 F.3d at 1075-76. This argument does not support equitable tolling.

### d.      Lack of Access to Discovery Materials

Johnson argues that he lacked access to legal resources and discovery “due to multiple jail transfers and mismanagement of the discovery flash drive.” Docs. 150 at 10, 23; 161 at 2, 5. Beyond these statements, Johnson alleges no facts establishing that he pursued “his rights diligently, and . . . that some extraordinary circumstance stood in his way and prevented him from timely filing.” Keller, 867 F.3d at 1075-76. He provides no details about the timeline of his transfers, the alleged flash drive mismanagement, or whether he diligently requested access to his legal materials during the periods of transference. See Diaz-Diaz v. United States, 297 F. App'x 574, 576 (8th Cir. 2008) (denying equitable tolling because petitioner failed to show diligence when he delayed for many months before following up on his request for his legal materials). Nor

did he explain when his materials were returned to him or how that delayed the filing of his § 2255 motion until June 2025.

Further, established precedent indicates that lack of access to legal resources is not an extraordinary circumstance preventing timely filing. Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) ("Pro se status, lack of legal knowledge or legal resources . . . are inadequate to warrant equitable tolling."); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (noting that lack of legal resources is normally an insufficient reason for equitable tolling). Muhammad v. United States, 735 F.3d 812, 815 (8th Cir. 2013) (no equitable tolling warranted where petitioner was in the special housing unit for five months without access to the prison law library or his own legal materials). Johnson's argument does not support equitable tolling.

### e.    Power of Attorney

Johnson alleges that the Court's failure to notify Johnson's mother, Rachel Coleman, of "her court-recognized legal role" as power of attorney justifies equitable tolling because it impacted her ability to "assist timely in this filing." Doc. 150 at 10.

Johnson's letter recognizing Coleman as his power of attorney was filed in May 2024. Doc. 137. The letter is signed by Coleman, suggesting she was fully aware of her role at the time. Id. Further, the next filing by Johnson, besides his motion to appoint counsel in June 2024 (Doc. 138), was his § 2255 motion filed over one year later. Doc. 150. Extended periods of inactivity indicate a lack of diligence. Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights."). Additionally, Johnson does not assert that he was prevented in some extraordinary way from asserting his rights. Rachel Coleman is not a licensed attorney and would not have been able to represent Johnson's interests. Jones ex rel. Jones v. Corr. Med.

Servs., Inc., 401 F.3d 950, 952 (8th Cir. 2005) (holding that non-lawyers cannot represent other people's interests). This argument does not support equitable tolling.

### f.      Attorney Abandonment

Johnson argues for equitable tolling due to "attorney abandonment." Docs. 161 at 4; 150 at 6. He alleges that O'Brien failed to inform him of his appeal status. Doc. 161 at 4. Further, he claims he "only recently learned about the appeal through PACER, which explains why he requested new counsel and gave a notarized power of attorney to his mother . . . ." Doc. 150 at 9. He continues, stating "[u]nfortunately, no appeal was filed on his behalf or so he believed" and that the "failure to inform the defendant of his right and status directly impacted the timing and framing of this motion and supports good cause and equitable tolling." Doc. 150 at 9.

Johnson fails to meet the requirements for equitable tolling. If no appeal had been filed—as Johnson supposedly believed—his judgment would have become final 14 days after it was entered on July 20, 2022. See Lee v. United States, 149 F.4th 981, 983-84 (8th Cir. 2025) (noting that in the context of postconviction relief, a judgment becomes final when the 14 day period for seeking review expires). If Johnson intended to file a § 2255 motion, he would have needed to do so by July 20, 2023. He did not. If anything, the appeal delayed his filing deadline more than a year later than if no appeal was made. More, if Johnson filed a letter and requested counsel in response to learning of the appeal (Doc. 150 at 9), he had several months remaining on his limitations period at that time. Docs. 137 (Johnson's letter filed in May 2024); 138 (Johnson's motion for counsel filed in June 2024). Yet Johnson's petition was filed more than a year later on June 12, 2025. Doc. 150. His assertions do not support the argument that an alleged failure to inform him of the appeal is the cause of his untimely petition. They do not demonstrate that he "has been pursuing his rights diligently, and . . . that some extraordinary circumstance stood in his

10

way and prevented him from timely filing." Keller, 867 F.3d at 1075-76. Equitable tolling is therefore unwarranted.

### 2. Actual Innocence

As a last attempt to stave off dismissal, Johnson argues that "even if equitable tolling were denied, Mr. Johnson invokes the 'actual innocence' gateway recognized in McQuiggin v. Perkins, 569 U.S. 383 (2013)." Docs. 161 at 6; 150 at 2. He claims that his "newly discovered evidence of misidentification, altered police reports, and prosecutorial misconduct establishes such a gateway, making his petition timely and reviewable on the merits." Doc. 161 at 6.

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . [or] expiration of the statute of limitations." McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). The Supreme Court has explained that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). A credible claim of actual innocence requires the "petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324.

Johnson bases his actual innocence claim on "misidentification, altered police reports, and prosecutorial misconduct . . . ." Doc. 161 at 6. As described above, this evidence is not new. Further, Johnson pleaded guilty to his offenses and offers no other evidence, much less anything that satisfies the "high bar" to persuade the Court that Johnon's plea should be set aside on this basis. Because Johnson fails to support his claim with new evidence and fails to show that, in light

11

of such new evidence, that no reasonable factfinder would have found him guilty beyond a reasonable doubt, he is not entitled to the actual innocence exception. All told, Johnson's § 2255 motion is untimely and calls for dismissal.

### B.    Motion for Discovery

The § 2255 petition's untimeliness forecloses the possibility of discovery. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Newton v. Kemna, 354 F.3d 776, 783 (8th Cir. 2004) (quoting Bracy v. Gramley, 520 U.S. 899, 904 (1997)). But a district court "may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Rule 6(a), § 2255 Rules. To establish good cause, a district court must have "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." Newton, 354 F.3d at 783 (cleaned up). Because Johnson's petition is time barred, he cannot show an entitlement to relief. The Court will not authorize discovery as a result.

### III.    CONCLUSION

The Court has reviewed the record, the parties' filings, and the relevant legal authority. For the reasons above, Johnson's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 150) is **DENIED** and **DISMISSED** without an evidentiary hearing. The motion for discovery (Doc. 156) is **DENIED**. The Court certifies that an appeal from the denial of the motion may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). Based upon the entire record, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, the Court will not issue a

12

certificate of appealability. <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983); <u>Tiedeman v. Benson</u>, 122 F.3d 518, 520-22 (8th Cir. 1997). If Johnson desires further review of his motion, he may request the issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated this 26th day of June, 2026.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court
